IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-183-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY ANTWON PRIVETTE | ) | |

This matter is before the Court on defendant's motion to dismiss Count Three of the superseding indictment pursuant to Federal Rules of Criminal Procedure 12(b)(1) and 12(b)(3)(B)(v). [DE 52]. The government has responded and this matter is ripe for ruling. For the following reasons, defendant's motion to dismiss is denied.

## BACKGROUND

On August 2, 2016, a federal grand jury indicted the defendant on three counts: conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951 (Count One); Hobbs Act robbery under 18 U.S.C. § 1951 (Count Two); and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) (Count Three). On January 20, 2017, a federal grand jury returned a superseding indictment against the defendant for the same offenses.

On June 6, 2017, defendant filed a motion to dismiss Count Three, arguing that Hobbs Act robbery categorically fails to qualify as a crime of violence within the meaning of § 924(c)(3)(A), and that after *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), the residual clause of § 924(c)(3)(B) must be held unconstitutionally vague. The government argues in opposition that Hobbs Act robbery falls within the definition of crime of violence set forth in § 924(c)(3), thus the superseding indictment is valid as written.

DISCUSSION

An individual must have possessed a firearm in furtherance of a "crime of violence" in order to be convicted under 18 U.S.C. § 924(c). A crime of violence is defined as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," also known as the force clause, or "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," also known as the residual clause. 18 U.S.C. § 924(c)(3). The indictment at issue here alleges that the predicate crime of violence is Hobbs Act robbery as set forth in 18 U.S.C. § 1951. Defendant argues that Hobbs Act robbery does not qualify as a "crime of violence" as a matter of law. The Court declines to adopt defendant's arguments.

At the outset, the Court notes that this and other numerous courts have considered Hobbs Act robbery an appropriate predicate offense for a violation of the force clause of § 924(c). *See, e.g., United States v. Merinord*, No. 5:15-CR-136-BO, 2015 WL 6457166 (E.D.N.C. Oct. 26, 2015); *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017); *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017); *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016); *United States v. House*, 825 F.3d 381 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016); *In re Chance*, 831 F.3d 1335 (11th Cir. 2016); *United States v. Redmond*, No. 3:14-CR-226-MOC, 2015 WL 5999317 (W.D.N.C., Oct. 13, 2015); *United States v. Standberry*, 3:15-CR-102-HEH, 2015 WL 5920008 (W.D.N.C. October 9, 2015); *United States v. Mackie*, No. 3:14-CR-183-MOC, 2015 WL 5732554 (W.D.N.C. Sept. 30, 2015).

Defendant argues, and the Court agrees, that the Court should apply the categorical approach to determine whether a Hobbs Act robbery falls within § 924(c)'s definition of a crime of violence. The categorical approach directs courts to look "only to the statutory definition of

2

the . . . crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence." *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (internal citations omitted). "Under that approach, we consider only the elements of the statute of conviction rather than the defendant's conduct underlying the offense." *Omargharib v. Holder*, 775 F.3d 192, 196 (4th Cir. 2014).

Thus, the Court must determine whether the Hobbs Act qualifies as a crime of violence by evaluating the most innocent conduct criminalized by its language. *Torres-Miguel*, 701 F.3d at 167. In pertinent part, the Hobbs Act prohibits "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future." 18 U.S.C. § 1951(b)(1). Section 924(c)(3), in turn, requires that a predicate crime have as an element the use, attempted use, or threatened use of physical force against the person or property of another. "Physical force" is defined in virtually identical statutory context as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (discussing the force clause of § 924(e)(2)(B)(i)) (*Johnson I*).

The Court will first address defendant's argument that robbery by "fear of injury" does not require the use of physical force. The phrase "fear of injury" must be read in context with the other language in the statute. *See id.* at 139–40. A commonsense approach dictates that robbery by fear of injury requires, at minimum, the attempted or threatened use of force capable of causing physical pain or injury. Any other result would be contrary to the plain meaning and common understanding of the words. *See id.* ("Ultimately, context determines meaning and we do not force term-of-art definitions into context where they plainly do not fit and produce nonsense.") (internal quotations and citations omitted). An act or threatened act that engenders

3

fear of injury necessarily implies force capable of causing physical pain or injury. *See United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). The Court can conceive of no scenario in which a person commits robbery by fear of physical injury without threatening physical harm to the person or property of another—even the vaunted example of poison fails because still the person must intentionally threaten another with the forceful physical properties of poison. *See Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 175 (2d Cir. 2006). Where the victim necessarily experiences fear of bodily injury or fear of property injury, by definition, he must experience force capable of causing said injury.

Hobbs Act robbery can also be committed by placing someone in fear of injury to his property. Defendant argues that Hobbs Act robbery by fear of injury to property can be committed without "violent force" against the property, but *Johnson I*, which defines physical force, only discusses injury to a person. *See Johnson*, 559 U.S. at 140. The Court declines to extend *Johnson's* definition to property injuries, and finds that any Hobbs Act robbery committed by fear of injury to a person's property necessarily requires use of force capable of causing injury to that property. Absent force such force, no person would fear injury to their property.

This Court, therefore, as it has previously and as have the other courts to consider this issue in the wake of *Johnson II*, finds that Hobbs Act robbery contains as an element the actual, attempted, or threatened use of physical force against the person of another and is a crime of violence under § 924(c)(3)(A). As such, the Court declines to consider defendant's argument that the residual clause of § 924(c)(3) is void for vagueness.

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss [DE 52] is DENIED.

SO ORDERED, this __17__ day of June, 2017

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5