IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-183-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| TRACY ANTWON PRIVETTE | ) | |

This matter is before the Court on defendant's motion to dismiss all counts in the indictment or, in the alternative, to exclude all cell phone records and fruits of those records. [DE 69]. The government has responded, defendant has replied, and this matter is ripe for adjudication. For the following reasons, defendant's motion is denied.

## BACKGROUND

On August 2, 2016, a federal grand jury indicted the defendant on three counts: conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951 (Count One); Hobbs Act robbery under 18 U.S.C. § 1951 (Count Two); and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) (Count Three). On January 20, 2017, a federal grand jury returned a superseding indictment against the defendant for the same offenses.

On June 15, 2017, defendant filed the instant motion to dismiss all counts against him or, in the alternative, to exclude at trial all cell phone records and fruits of those records authorized by the pen orders obtained in this case, including location mapping and call detail records. [DE 69]. Defendant, pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution; *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(1)(E)(i); and Local Criminal Rule 16.1(b)(7), argues that dismissal or exclusion is warranted because the government has failed to produce sworn

affidavits made by investigating officers which were made in support of applications for ex parte court orders that authorized searches of cell phone location records. Defendant argues that those applications contain statements made by investigating officers which describe this case and their early impressions. Defendant argues that those applications may therefore contain exculpatory or impeachment information and were therefore withheld in violation of *Brady* or *Giglio*, or may contain information relevant to preparing his defense warranting sanction under Rule 16 of the Federal Rules of Criminal Procedure.

The government responded by showing that it had produced original sworn affidavits for all but two of the pen orders. [DE 71]. The original sworn and notarized affidavits made for the two other pen orders have not been located, but the government stated that it turned over the electronic documents used to print those affidavits. The government argues that these affidavits contain nothing material to defendant's case because they are just applications for pen orders, while the actual evidence of cell phone location information has already been turned over to defendant. According to the government, each application basically states only that defendant is a suspect for a certain robbery or a fugitive, information of which defendant was already aware. The government therefore argues that neither dismissal nor exclusion is warranted, because defendant has not met his burden shown that there is any exculpatory information contained in those affidavits but has only argued that there *may* be exculpatory information in those affidavits. Additionally, the government stated that neither officer who applied for the pen orders will testify at trial, and so the affidavits cannot be used for impeachment purposes.

## DISCUSSION

The government has a duty to disclose, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), exculpatory evidence that is material to the defendant's guilt or punishment. It also must

2

disclose, pursuant to *United States v. Giglio*, 405 U.S. 150 (1972), evidence that potentially could be used to impeach a government witness at trial. *Brady* extends to evidence known to police investigators, whether or not known to prosecutors. *See Boone v. Paderick*, 541 F.2d 447, 451 (4th Cir. 1976). To prove a *Brady* violation, the defendant bears the burden to show that (1) the government failed to disclose the evidence, (2) the evidence is favorable, and (3) the evidence is material to the defense. *Strickler v. Greene*, 527 U.S. 263, 296 (1999); *United States v. King*, 628 F.3d 693, 701–02 (4th Cir. 2011).

The Jencks Act, 18 U.S.C. § 3500, "requires the government to turn over any statement of a witness in its possession once the witness has testified on direct examination, provided the statement relates to the testimony of the witness." *United States v. Brothers Const. Co. of Ohio*, 219 F.3d 300, 316 (4th Cir. 2000). However, and although early disclosures under the Jencks Act are encouraged, a "district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) (emphasis removed); *see also United States v. Peterson*, 524 F.2d 167, 175 (4th Cir. 1975) ("Jencks Act request is wholly inappropriate in a pretrial motion for discovery").

Finally, Rule 16 of the Federal Rules of Criminal Procedure requires the government to disclose to the defendant "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).

Defendant seeks materials related to applications the government made for searches of cellular location records. Cellular records, including subscriber records, are third-party business

records normally obtained by the government by issuing a subpoena. *United States v. Davis*, 785 F.3d 498, 505–06 (11th Cir. 2015) (en banc); *United States v. Clenney*, 631 F.3d 658, 666 (4th Cir. 2011). For cellular records that also show a phone's location, however, Congress has "raise[d] the bar from an ordinary subpoena to one with additional privacy protections built in" by "requiring a court order under § 2703(d)." *Davis*, 785 F.3d at 505–06. To obtain these cellular location records, the government needs to show "specific and articulable facts" that "there are reasonable grounds to believe that the" records "are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Any document meeting that showing is sufficient; the statute does not require a notary's signature or an officer's signature. *See id.* Once the government shows that requested cellular location records are relevant and material to an ongoing investigation, a state or federal court may order the cellular company to produce the location records. *Id.* Historical cellular location records are not subject to suppression under the Fourth Amendment. *United States v. Graham*, 824 F.3d 421, 427 (4th Cir. 2016) (en banc).

Here, defendant has received all cellular records that are evidence in this case, the pen orders authorizing the government to obtain those records, and the original and sworn affidavits made in support of the government's applications for all but two of those pen orders. The original affidavits made for the other two orders have not been produced, but the government did provide defendant with what it represents are the electronic copies—word processor documents—of those affidavits which were printed off and signed by the requesting officer.

Defendant argues that these electronic versions of the two remaining requests are unacceptable because he cannot know "if the sworn affidavits have been substantively altered or not" and therefore he cannot know whether the original documents contained exculpatory evidence, impeachment information, or information material to his defense. [DE 69 at 7–9, 12–

15]. In support of his argument that the original affidavits are likely to contain exculpatory evidence, impeachment information, or information material to his defense, defendant primarily relies upon alleged inconsistencies or issues contained within the most recent pen register court order from March 2017, arguing that the "inexplicable March 13, 2017, order strongly suggests that these sworn affidavits could meaningfully undermine the integrity of the government's case against Mr. Privette." [DE 69 at 9]. That order stated that there is probable cause to believe that "Antoine Privette is using the cellular phone [described in the order] to further and facilitate the crime(s) of Armed Robbery and/or maintain his status as a fugitive from justice." [DE 71-8]. The order also found probable cause that the search may "potentially lead law enforcement to determine the whereabouts of Antoine Privette." *Id.* In March 2017, however, defendant had been in custody in county jails in Eastern North Carolina for over two years, and so the order appears to be mistaken as to defendant's actual custody status or to have been based upon incorrect information. Defendant argues that this is reason to believe that the original affidavits for the *other* pen orders, which were issued in February, 2015, may contain information that is exculpatory, useful for impeachment, or relevant to his defense.

Although there are mistakes in the March, 2017 order, it is important to note that the Court and defendant are both in possession of the original and sworn affidavit upon which that pen order relied. The government produced this sworn and notarized affidavit which contains Officer Turner's representations to the issuing judge, and there does not appear to be any inconsistencies or misrepresentations in that sworn affidavit which raise concerns about the government's investigation or the officer's credibility. Although the March, 2017 pen order (which the government requested in order to retrieve four more days of cell phone location records from February, 2015) contains errors, that does not by itself impugn the testimony or

5

credibility of Officer Turner of the government's investigation, especially in light of the lack of inconsistencies or misrepresentations found in Officer Turner's sworn affidavit.

All of the other electronic copies of affidavits which were first produced by the government are identical in substance to the sworn, original, and notarized copies which were later produced. Moreover, each of the sworn, original, and notarized copies that have been produced contained information that was merely summary in form, and defendant has not shown with particularity how any information contained in these affidavits was exculpatory, material to his defense, or useful for impeachment purposes. Defendant has also not adequately shown that there is reason to believe the electronic copies of the two remaining affidavits are likely to have been altered from the originals, and defendant's argument that such affidavits *may* contain useful or material information is not adequate to meet his burden to show that requested evidence is favorable to him. *King*, 628 F.3d at 701–02. Such speculation, based on harmless errors contained in other documents, does not suffice to demonstrate that there has been a discovery or *Brady* violation warranting the severe sanctions requested. Finally, the Court does not find that the government's inability to produce the original affidavits from February, 2015 warrants sanction under Rule 16 of the Federal Rules of Criminal Procedure, because the government produced electronic copies of those affidavits and defendant has not adequately shown that the originals would be material to his defense.

In reviewing the briefs and arguments of the parties, the Court is not persuaded that there has been any misconduct on the part of the government, and finds that defendant has not met its burden to show that the government has committed violations of the Constitution, *Brady* and its progeny, or the laws of the United States warranting dismissal of the indictment or exclusion of

all cell phone location evidence from trial. Therefore, defendant's motion to dismiss or to exclude all cell records from trial is denied and the case will not be continued.

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss [DE 69] is DENIED.

SO ORDERED, this 22 day of June, 2017

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE